UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CR: 05-227

UNITED STATES OF AMERICA,

v.

STACY CURTIS BROWN,

Defendant.

Criminal No. 05-276M (AK)

FILED

MAY 2 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DETENTION MEMORANDUM

The Defendant, Stacy Curtis Brown, has been charged in a criminal complaint with possession of a firearm and the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The government requested a detention hearing, which was held on May 25, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Officer Len Cummings of the Metropolitan Police Department testified for the government. The officer testified that on May 10, 2005 at approximately 5:43 p.m.

- 1 -

he went to the corner of 9th and L Streets, N.E., in the District of Columbia in search of a man with a gun. Once in the area, Officer Cummings saw the Defendant, who fit the description, sitting in a vehicle. The officer approached the vehicle, and asked the Defendant to show his hands and to exit the vehicle. When the Defendant complied, Officer Cummings saw a .380 caliber semi-automatic pistol in the console of the vehicle. The police then placed the Defendant under arrest. On the scene, the Defendant told officers that the gun belonged to him and that he was under the influence of PCP. The .038 caliber pistol recovered from the vehicle was loaded and operable.

## Discussion

Having heard the testimony of Officer Cummings at the May 25, 2005 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 18 U.S.C. § 922(g)(1).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where, as here, the offense pending against the defendant is not a crime of violence, the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by

a preponderance of the evidence that the defendant will flee before trial if released. <u>United States v. Vortis</u>, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." <u>United States v. Westbrook</u>, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. <u>See</u> 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favor detention. Unlawful possession of a loaded firearm by a convicted felon is a serious offense. Thus, the charge is most serious.

The second factor, the weight of the evidence, also favors detention. The Defendant admitted to police officers that the loaded firearm belonged to him and the firearm was found in his direct possession.

The third factor, the history and characteristics of the Defendant, strongly supports pretrial detention. The Defendant has had multiple prior convictions, including first-degree burglary, rape, and assault with intent to rob. Additionally, the Defendant was on parole at the time the events occurred. Furthermore, the Defendant previously failed to comply with his probation as his probation status was revoked in December 2002. Finally, Defendant admitted to be under the influence of PCP at the time of his arrest.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant's current charge before this Court involves possession of a semi-automatic pistol. The rampant epidemic of shootings and murders reported daily by the news media bears graphic witness to the fact that unlawful possession of a firearm is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure compliance by the Defendant, including the Defendant's appearance at further court proceedings should he be released pretrial. Therefore, the government's motion for pretrial detention is granted.

Dated: May 26, 2005

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE