

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

July 1, 2005

**By Hand Delivery In Court**

Tony Miles, Esq.
Federal Public Defender's Service
625 Indiana Avenue, NW, Suite 550
Washington, DC 20004

                Re:    <u>United States v. Stacy C. Brown</u>
                        Case No. 05-227

Dear Counsel:

      I am writing to provide you with certain information in response to your request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

**I.     Charges**

      Your client is currently charged with the following offense: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) and Escape from an Officer, in violation of 22 D.C. Code § 2601(a)(2).

**II.    Discovery**

      **A.    Documents**

      Copies of the following documents are enclosed with this letter:

- PD-163
- PD-251
- PD-252
- PD-81
- PD-47
- Certificate of Firearms Examination
- Certificate of No Record of Firearms Registration Certificate

- Certificate of No Record of A License to Carry A Pistol
- Notes of officers Pitts, Cummings, and T. Harris
- Color photocopies of Polaroid photos taken at the scene (x3)
- Crime Scene Evidence Report with color photos of crime scene (x9)
- Indictment
- PSA Report

**B.    Evidence**

    **1.    Physical Evidence**

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:

- Gun and ammunition
- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred

    **2.    Radio Run Information**

_____  The government believes there are no recorded communications relevant to this case.

\_\_\_X\_\_\_  The government believes that there may be recorded communications relevant to this case. The recording will be provided consistent with the government's obligations under the <u>Jencks</u> Act. Should we determine that we may use the recorded communications as evidence at trial, we will provide you a copy of the tape after we receive it.

    **3.    Identification Evidence**

The government is not aware of any identification procedure used in this case.

    **4.    Inspection**

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Fed R. Crim. P. 16(a)(1)(E). If you would like to view any of the evidence listed above or described on the attached police reports, please contact me immediately and we can make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

    **5.    Reports of Examinations or Tests and Experts**

The government has provided the Certificate of Firearms Examination, Crime Scene Examination Section Evidence Report , and photographs with this letter.

In addition, please be advised that the government may call a fingerprint expert to testify at trial. The expert may testify about the following subjects: the taking of fingerprints; how fingerprints are left; how fingerprints are lifted; the factors that affect the taking of fingerprints; the difficulties in recovering prints from surfaces such as plastic or guns; the comparison of prints; and the identification of prints if there are sufficient "points" to render a print usable. Due to the volume of cases being presented in Superior Court, it is unclear which witness will be available to testify if needed. The government may call George L. Anderson, III, as an expert. His qualifications include: 33 years as a fingerprint examiner (25 years at the FBI and 8 years at the MPD); a degree in criminology from American University; one year of FBI fingerprint school; FBI fingerprint seminars; and hundreds of thousands of fingerprint analyses. The government might also call Willie Higganbotham, Mary Jones, Charles Sanders, or another fingerprint specialist as its expert. The government believes these individuals have qualifications similar to those of Mr. Anderson. The government may also call an experienced Mobile Crime or Crime Scene Search evidence technician as an expert. This expert will testify about the methods used to recover or attempt to recover latent fingerprints from pieces of evidence, why recovering latent fingerprints from particular surfaces or items of evidence may be difficult, and the MPD (or other law enforcement) policies, practices, and procedures for recovering and processing latent fingerprints. Such an expert will base his or her testimony on their training and experience in evidence collection.

### C.    RULE 404(b) EVIDENCE (known at this time)

The government may seek to admit evidence of the facts and circumstances surrounding the defendant's 1996 conviction for Carrying A Pistol Without A License (F-1141-96). In the event that the government seeks to introduce such evidence at trial an appropriate notice will be filed.

### D.    Defendant's Rule 16 Statements

Please see the attached police paper work for statements made by your client. Prior to arrest, the defendant was approached by police and asked if he had been arguing with anyone, and the defendant responded "yes these knuckleheads around here." Post-arrest and pre-Miranda, apparently in response to overhearing a radio transmission that the tags on his vehicle were stolen, the defendant spontaneously stated, "the gun is mine, but I don't have anything to do with the car." Post-arrest, post-Miranda (no waiver), and while being transported to the station, the defendant spontaneously stated, "I had to carry the gun because them young boys are trying to kill me."

Post-arrest, post-Miranda (no waiver), and after the defendant had been subdued following his escape from the transport vehicle, the defendant spontaneously stated, "I been smoking PCP all week. Why else would I be waving a gun at people unless I was high." If the government becomes aware of additional statements made by the defendant you will be notified in writing.

### E. Criminal Record

Please refer to the Pretrial Services Report that you received at arraignment for further information about your client's record. I will notify you in writing if the government learns of any additional convictions.

### F. Government's Discovery Requests

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including, but not limited to the following:

- notice of documents and tangible objects the defendant expects to introduce;

- a Jencks request for all prior statements of any defense witness (excluding the defendant);

- a Lewis request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence;

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G. Alibi Demand

The government makes an alibi demand pursuant to Fed R. Crim. P. 12.1. In accord with Rule 12.1, the government hereby notifies you that the time, date and place of the offense are indicated on the accompanying police paperwork. Pursuant to Rule 12.1, in the event you intend to offer an alibi defense, please direct the appropriate notice to the assigned AUSA within ten days.

### H. Other Information (Brady / Lewis / Giglio)

The government is unaware of any Brady or Giglio information, but is aware of its continuing duty to disclose such information should it become known. Lewis information for the government's witnesses will be provided to you at the time of trial.

## III. Contact Information

If you have any questions about the information provided above, you may contact me by telephone, fax, or mail. In particular, please note the correct zip code for the U.S. Attorney's Office.

Steven B. Wasserman
Office of the United States Attorney

Organized Crime and Narcotics Section
Room 4114
555 Fourth Street, N.W.
Washington, D.C. 20530

Office: 202-307-0031
Fax: 202-514-8707

                      Sincerely,

                      KENNETH L. WAINSTEIN
                      United States Attorney

By: _____
      STEVEN B. WASSERMAN
      Assistant United States Attorney

cc: District Court Case File (without attachments)