UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. 05-227 (RBW) |
| **Plaintiff,** | : | |
| v. | : | |
| **STACY C. BROWN,** | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MOTION TO
### EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court exclude the period from July 22, 2005 through July 28, 2005, in computing the date for trial pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161. As grounds for this request, the United States represents that:

1. The defendant was arrested in this case on May 10, 2005, and subsequently detained pending trial. On June 9, 2005, a two count indictment was filed against the defendant charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) and Escape, in violation of Title 22 D.C. Code § 2601(a)(2). Pursuant to 18 U.S.C. § 3164, the Speedy Trial deadline for trial in this case is currently August 8, 2005. To date, no motions have been filed by the parties in this case. On July 22, 2005, the Government formally extended a written plea offer to the defendant. At a status hearing held on that same day, defense counsel requested

until July 28, 2005, to consider the Government's plea offer. Accordingly, this Court scheduled an additional status hearing for July 28, 2005, to permit the parties to continue plea negotiations.

    2. The Speedy Trial Act, 18 U.S.C. § 3164(b), requires the trial of a detained defendant to commence no later than 90 days following the beginning of such continuous detention. While section 3161(h)(1)(I) authorizes the court to exclude delay resulting from the court's consideration of a plea agreement, delay arising from plea negotiations themselves is also excludable. "The plea bargaining process also can qualify as one of many 'other proceedings' under the generic exclusion of section 3161(h)(1). United States v. Montoya, 827 F.2d 143, 150 (7th Cir. 1987); see also, United States v. Bowers, 834 F.2d 607, 610 (6th Cir. 1987) (affirming trial court's exclusion of time attributable to plea bargaining, "since the plea bargaining process can qualify as one of the many 'other proceedings.'"); cf. United States v. Fields, 39 F.3d 439, 445 (3rd Cir. 1994) ("In current federal practice, plea negotiations play a vital role. We therefore see no reason why an 'ends of justice [Sec. 3161(h(8)(A)] continuance may not be granted in appropriate circumstances to permit plea negotiations to continue."). As stated above, the parties in this case are currently conducting plea negotiations.

    3. Based upon the foregoing authority, the Government respectfully requests the Court to exclude the period from July 22, 2005 through July 28, 2005, in computing the time for trial pursuant to the Speedy Trial Act.

    4. On July 25, 2005, undersigned counsel attempted to contact counsel for the defendant, Tony Miles, in order to ascertain his position on the instant motion, but was only able to leave a voice mail message. As of the filing of this motion, undersigned counsel had not yet been contacted by Mr. Miles regarding his position on the motion.

WHEREFORE, the United States respectfully requests Court to exclude the period from July 22, 2005 through July 28, 2005, in computing the time for trial pursuant to the Speedy Trial Act.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
STEVEN B. WASSERMAN
Assistant United States Attorney
Organized Crime and Narcotics Section
555 4th Street, N.W.   Room #4114
Washington, DC 20530
(202) 307-0031; Fax: 514-8707

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Motion to Exclude Time Under the Speedy Trial Act is to be served upon counsel for the defendant, Tony Miles, Esquire, this 25th day of July, 2005.

_____
STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY