**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No. 05-227 (RBW)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Sentencing: October 27, 2005** |
| | : | |
| **STACY C. BROWN,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

1.    Pursuant to a plea agreement pursuant to Fed R. Crim. P. 11(c)(1)(C), the defendant pled guilty on August 3, 2005, to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year, in violation of Title 18 U.S.C. 922(g)(1).  As part of the plea agreement, the parties agreed that a sentence of incarceration for a term of 60 months was the appropriate sentence.

2.    The defendant has two prior felony criminal convictions in the Superior Court of the District of Columbia for Burglary and Rape in case F-6702-79, and Assault with Intent to Commit Robbery in case F-6615-79.  The certified copies of the convictions in both cases indicate that the defendant was sentenced on the same date, March 19, 1981. (Exhibit A).  However, computerized records for these convictions are unclear on the date that the defendant was arrested in each case. The Presentence Investigation Report (PSR) in paragraphs 27 through 33 treats these two convictions

as related for purposes of calculating the defendant's criminal history category, as well as in determining the base offense level under USSG § 2K2.1. The justification set forth in the PSR for treatment of these convictions as related is based upon a claim that "the defendant's automated criminal record and records from the DC Jail" indicate that the defendant "appears to have been arrested on both cases on the same date." (PSR at 15).[1] By treating these convictions as related, the base offense level under USSG § 2K2.1(a)(4)(A) is 20, instead of level 24 pursuant to 2K2.1(a)(2) if the convictions were treated as unrelated. Furthermore, treatment of the convictions as related results in a total of 8 criminal history points, instead of 10 criminal history points if the convictions were treated as unrelated. The effect of such treatment means the defendant is placed in criminal history category IV instead of V. Accordingly, if the convictions were treated as separate, the defendant's adjusted offense level would be 21, which results in a sentencing range of 70-87 months.[2]

Pursuant to USSG § 4A1.2, Application Note 3, "prior offenses are not considered related if they were for offenses that were separated by an intervening arrest." (parenthetical omitted). This note also provides that "prior sentences are considered related if they resulted from offenses that . . . (C) were consolidated for trial or sentencing." Application Note 3 further provides that where treating separate convictions as related underrepresents the seriousness of the defendant's criminal

---

[1] It should be noted that the draft PSR prepared on September 19, 2005, lists separate dates of arrest for cases F-6702-79 and F-6615-79. (Draft PSR at paragraphs 27 and 28). However, the final PSR now lists the same date for each arrest, but does not include an explanation for the modification. Furthermore, computerized records for the defendant's criminal history obtained by the Government indicate different arrest dates for each offense.

[2] This offense level takes into account that the defendant will presumably receive a three point downward adjustment for having taken responsibility for his criminal conduct.

history and his danger to the community, an upward departure may be warranted.

3.   The Government believes that the interests of justice militate against proceeding to sentencing without first confirming the dates of arrest for the defendant's two felony convictions. Obtaining this information will ensure that the defendant's criminal history and offense level is accurately calculated prior to imposition of a sentence.

4.   However, in the event that it is ultimately determined that these two felony convictions should be treated as related under the Sentencing Guidelines, the Government asserts that the agreed upon sentence of 60 months imprisonment is a fair disposition of this matter, despite the fact that the defendant's guideline range would be 37-46 months imprisonment.  Based upon the defendant's prior criminal history, including the two felony convictions for crimes of violence, the defendant's history of violating probation, and his continued use of PCP and other narcotics, the Government believes that an upward departure consistent with the agreed upon sentence of 60 months is sufficiently justified, and necessary to ensure the safety of the community.

5.   The defendant is 44 years old, with the two previously mentioned felony convictions. He acknowledged at the time of his plea to possessing a loaded .380 caliber handgun.

6.  The government respectfully requests that this Court impose a sentence of 60 months imprisonment, and that he be placed on supervised release for a period of three years.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO.  451058


_____

STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 453-251
FEDERAL MAJOR CRIMES SECTION
(202) 307-0031


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing government's Memorandum in Aid of Sentencing is to be served upon counsel for the defendant, Tony Miles, Esq., and by facsimile to Ms. Deborah Stevens-Panzer of the United States Probation Office, this 21st day of October, 2005.


_____

STEVEN B. WASSERMAN
ASSISTANT   UNITED   STATES   ATTORNEY

-4-